LEONARD HAIRSTON, Appellant, *v.*
UNION PLAZA, Respondent.

No. 16567

September 5, 1986                              724 P.2d 218

[Rehearing denied December 4, 1986]

*Dennis Kist,* Las Vegas, for Appellant.

*Jerry Collier Lane,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The issue presented is whether the appeals officer erred in ordering the reopening of appellant's SIIS claim, where appellant's indigency prevented the submission of detailed medical documentation supporting his request. We hold that the appeals officer properly ordered the reopening of the claim, and therefore that the district court erred in reversing the determination of the appeals officer.

Appellant, Leonard Hairston, sustained an industrial injury on February 5, 1982, when he fell through a ceiling in the course of his employment with the respondent, Union Plaza. Appellant was treated and released to return to work, but was to continue to undergo physical therapy. He failed to arrive for therapy appointments, allegedly due to illness and lack of transportation. Because of Hairston's failure to keep appointments, his claim was administratively closed. On January 12, 1983, Hairston requested reopening of his claim, submitting two reports from Dr. P. E. Getscher, M.D., indicating that Hairston was unable to work due to the February 5, 1982, injury. Hairston's request to reopen his claim was denied by the self-insured employer.

NRS 616.545(2) provides:

> After a claim has been closed, the insurer, upon receiving an application and for good cause shown, may authorize the reopening of the claim for medical investigation only. The application must be accompanied by a written request for treatment from the physician or chiropractor treating the claimant, certifying that the treatment is indicated by a change in circumstances and is related to the industrial injury sustained by the claimant.

While the notes from Dr. Getscher did not specifically certify that treatment was indicated by a change in circumstances, the fact that a change in circumstances had occurred is indicated from Dr. Getscher's statement that Hairston was unable to work, where he had previously been released for work by his treating physicians. Hairston testified that he was unable to obtain full medical documentation due to his indigency. Under these circumstances, the appeals officer did not err in holding that the documents presented met the requirements of NRS 616.545(2). The district court therefore erred in holding that Hairston's request to reopen his claim was barred by failure to comply with that statute.

We further note that the evidence presented to the appeals officer clearly supports the decision to reopen the claim. Hairston submitted a report from Dr. Gordon, an orthopedic surgeon,

which indicated that he was suffering from nerve root compression and was in need of further evaluation. Other medical reports also supported Hairston's claim that he was in need of further treatment and evaluation. The appeals officer properly considered the various medical reports, as well as the testimony of the claimant, in ordering the reopening of the claim. *See* NRS 616.5426(2).

Based on the foregoing, we hereby reverse the order of the district court, and reinstate the decision of the appeals officer ordering that appellant's claim be reopened.